Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARY ELLEN ARROYO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| MARY ELLEN ARROYO,<br><br>                     Plaintiff,<br><br>     v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation,<br><br>                     Defendants. | Case No.:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, MARY ELLEN ARROYO (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

/ / /

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the Fresno Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Stanislaus County.

## V. PARTIES

6. Plaintiff, MARY ELLEN ARROYO (hereinafter "Plaintiff"), is a natural person residing in Stanislaus County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

7. Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego,

California 92123-4363. P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond Patenaude, Agent for Service of Process, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. The principal business of P&F is the collection of debts using the mails and telephone, and P&F regularly attempts to collect debts alleged to be due another. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Target National Bank and bearing the account number XXXX-XXXX-XXXX-8573 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. The collection letter (Exhibit "1") is dated May 18, 2009.

12. The collection letter (Exhibit "1") was the first written communication from Defendant to Plaintiff in connection with the collection of the alleged debt.

13. A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

14. The collection letter (Exhibit "1") was sent in an envelope on which a postage

meter stamp dated May 21, 2009, was imprinted.

15. Plaintiff is informed and believes, and thereon alleges that Defendant deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about May 21, 2009.

16. The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.

17. As a senior citizen subjected to Defendant's abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

18. Plaintiff is informed and believes, and thereon alleges that Defendant has sent standard form collection letters in envelopes which contain a window through which information printed on the collection letters could be seen by anyone who handled the envelopes as shown by Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff brings the first claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

20. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

21. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

22. Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA, 15

U.S.C. § 1692a(6).

23. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

24. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant communicated with third parties, in violation of 15 U.S.C. § 1692b;

    b. Defendant communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

    c. Defendant's display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

    d. Defendant published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

    e. Defendant's display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

25. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

28. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

29. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

30. Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

31. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

32. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[1]

    b. Defendant communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[2]

    c. Defendant's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[3]

---

[1] 15 U.S.C. § 1692b.
[2] 15 U.S.C. § 1692c(b).
[3] 15 U.S.C. § 1692d.

      d.    Defendant published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[4] and

      e.    Defendant's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17.[5]

33. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

34. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

35. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[6]

36. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[7]

37. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

///

---

[4] 15 U.S.C. § 1692d(3).
[5] 15 U.S.C. § 1692f.
[6] 15 U.S.C.§ 1692k(a)(2)(A).
[7] 15 U.S.C.§ 1692k(a)(3).

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(3) and 1692f;

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(a) and 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[8]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[9] and 1788.30(c);

h) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

i) Award Plaintiff such other and further relief as may be just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[8] 15 U.S.C. § 1692k(a)(2)(A).
[9] 15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARY ELLEN ARROYO

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARY ELLEN ARROYO, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.