JUNE COLEMAN, SBN 191890
jcoleman@kmtg.com
CANDICE L. FIELDS, SBN 172174
cfields@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN
& GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA 95814
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Defendant
PATENAUDE & FELIX, a Professional Corporation

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MARY ELLEN ARROYO,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation,<br><br>Defendant. | CASE NO. 1:10-cv-00784-AWI-SKO<br><br>**ANSWER TO COMPLAINT; JURY DEMAND** |

Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION (hereinafter "Defendant") hereby appears and responds to the Complaint filed by plaintiff MARY ELLEN ARROYO (hereafter "Plaintiff") as follows:

1. As to Paragraphs 1, 21, 23, 29, and 31, at this time, Defendant lacks sufficient information to admit or deny the allegations, and on that basis denies them.

2. As to Paragraph 2, Defendant contests that supplemental jurisdiction is appropriate in this case. Defendant denies that declaratory relief is available. Defendant admits the remaining allegations.

944906.1 12357.002                             - 1 -                        Case No. 1:10-CV-00784-AWI-SKO
ANSWER TO COMPLAINT; JURY DEMAND

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

3. As to Paragraphs 3, 17, 24-26, 30, and 32-36, Defendant denies the allegations.

4. As to Paragraph 4-5, Defendant does not contest venue or Intradistrict Assignment at this time.

5. As to Paragraph 6, Defendant admits that Plaintiff is a natural person, and that Plaintiff owes a debt. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

6. As to Paragraphs 7, Defendant denies that it is a debt collector within the meaning of Cal. Civil Code §1788.2(c). Defendant admits the remaining allegations.

7. As to Paragraph 8, Defendant admits that Plaintiff is alleged to have incurred a financial obligation, namely a credit account issue by Target National Bank. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

8. As to Paragraphs 9-16, and 22, Defendant admits the allegations.

9. As to Paragraph 18, Defendant denies that Plaintiff may seek leave to amend this Complaint to add class allegations at a later date, but admits the remaining allegations.

10. As to Paragraph 19, 27, and 37, Defendant contends that no response is required.

11. As to Paragraph 20 and 28, Defendant incorporates and repeats their responses to "all paragraphs" as if set forth in full herein.

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

12. Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a case of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

13. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable state of limitations.

### THIRD AFFIRMATIVE DEFENSE

14. Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

944906.1 12357.002    - 2 -    Case No. 1:10-CV-00784-AWI-SKO

ANSWER TO COMPLAINT; JURY DEMAND

Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages.

**FOURTH AFFIRMATIVE DEFENSE**

15. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against Defendant should be reduced or eliminated.

**FIFTH AFFIRMATIVE DEFENSE**

16. Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

17. Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

**SEVENTH AFFIRMATIVE DEFENSE**

18. Defendant alleges that it relied upon the representations of its client and any inaccuracies or misrepresentations alleged were the result of such reliance.

**EIGHTH AFFIRMATIVE DEFENSE**

19. Defendant alleges that is has no civil liability under the FDCPA, pursuant to 15 U.S.C. § 1692k(c) or the Rosenthal FDCPA pursuant to California Civil Code § 1788.30(e), as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

**NINTH AFFIRMATIVE DEFENSE**

20. Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

### TENTH AFFIRMATIVE DEFENSE

21.     Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the immunities embodied either in California Civil Code § 47(b)-(c), or arising under federal and state common law.

### ELEVENTH AFFIRMATIVE DEFENSE

22.     Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

23.     Defendant is informed and believes, and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

24.     Plaintiff's Complaint (and the causes of action alleged therein) is barred by the doctrines of waiver and/or estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

25.     Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

26.     Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, contributory negligence, offset, duress, failure of consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, release, laches, and abatement.

### SIXTEENTH AFFIRMATIVE DEFENSE

27.     Defendant presently has insufficient knowledge of information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

944906.1 12357.002     - 4 -     Case No. 1:10-CV-00784-AWI-SKO
ANSWER TO COMPLAINT; JURY DEMAND

that they would be appropriate.

WHEREFORE, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;

2. That Defendant be awarded judgment in this action;

3. For attorneys' fees incurred herein, pursuant to statute;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

Dated: July 6, 2010

                                    KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: /s/ *June D. Coleman*
     June Coleman
     Attorneys for Defendant
     PATENAUDE & FELIX, a Professional Corporation

## DEMAND FOR JURY TRIAL

Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION hereby demands a jury trial in this matter.

Dated: July 6, 2010

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: /s/ *June D. Coleman*
    June D. Coleman
    Attorneys for Defendant
    PATENAUDE & FELIX, a Professional Corporation

# PROOF OF SERVICE

I, Enedelia Hamman, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On July 6, 2010, I served a copy of the within document(s):

**Answer to Complaint; Jury Demand**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Fred W. Schwinn
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, CA 95113-2418

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 6, 2010, at Sacramento, California.

_____
Enedelia Hamman

Kronick, Moskovitz, Tiedemann & Girard

944992.1 12357.002